STRONG et al. v. WIGGINS.

[See 13 Fed. 418.]

## Case No. 13,546.

STRONG MANUF'G CO. v. MERIDAN BRITANNIA CO.[1]

Circuit Court, D. Connecticut.    1876.

PATENTS—PRIORITY OF INVENTION.

In equity.

John S. Beach, for complainant.
O. H. Platt, for respondent.

BY THE COURT. This is a bill in equity, praying for an injunction and an account, and is founded upon a patent for an improved coffin handle, issued to Clark Strong on December 14, 1869, reissued to him on April 22, 1873, and assigned to the plaintiffs on July 7, 1873. That part of the patented device which is alleged to have been infringed consists of a tube, the ends of which are encircled by arms which are hinged to the coffin. The outer ends of the arms form rings which receive the ends of the tube. Tips are forced by pressure into the open ends of the tube, and thus tube, arms, and tips are fastened securely together. The third claim of the patent, which is alleged to have been infringed, is as follows: "Securing the handle, A, to the arms, B. B. by means of the tips, F, driven into the ends of the handle, substantially as set forth." The answer denies that the patentee was the first inventor of the alleged invention, and alleges that William M. Smith was the first inventor of the said improvement. The defendants also deny that they infringe the plaintiffs' patent.

The material question in the case is one of fact, and relates to the priority of invention, for I shall assume that the handles which are made by the respective parties are substantially alike in construction. It is conceded by the plaintiffs that the invention of Mr. Strong does not antedate June, 1869. Evidence was introduced by the defendants to show that their handle was not only invented, but sold, prior to that date; but it was proved to my satisfaction that the witness was mistaken in the impressions which he had in regard to the sale, and that in all probability the defendants' structure was not put into market until after June, 1869. It is equally clear that Mr. William M. Smith, the foreman in the coffin-trimming department of the defendants' business, conceived in the summer of 1868 the idea of manufacturing a tubular handle, the parts of which were to be put together and secured by pressure; that the models, tubes, and arms were made in the fall of that year; that a wooden machine was made in the same fall, by which the tips were forced into the tubes by mechanical pressure. The existence of this machine is clearly proved. I am also satisfied that in January, 1869, the invention had passed beyond the region of experiment, and had become embodied in a complete and perfect

[1] [Not previously reported.]

handle, fitted for use, and that a sample was upon exhibition in the show room of the defendants' factory for the examination of customers. It was at this time a perfected invention, capable of being used, and was in the same form in which it is now manufactured. The defendants were not then ready to manufacture the handles in quantities sufficient for the market, because they had not brought their dies to such a state of perfection that imperfect tubes would not be produced, but the invention had been completed.

The circumstances of the case do not require a determination of the exact time when the invention became perfected by Mr. Smith. It is sufficient that it was completed and was reduced to a practical form in or prior to the month of January, 1869. Let the bill be dismissed.